**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
United States Courthouse
402 East State Street, Room 255
Trenton, New Jersey  08608

**Hon. Christine M. Gravelle**  609-858-9370
United States Bankruptcy Judge  Fax  609-989-0431

## LETTER DECISION

July 15, 2016

**Sent via ECF & email**

David M. Taus, Esq.
Devero Taus LLC
266 King George Road, Suite I
Warren, NJ 07059                                  dtaus@deverotaus.com

Barry Taus, Esq.
Taus, Cebulash & Landau, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038                                btaus@tcllaw.com

Andrea Dobin, Esq.
Trenk DiPasquale, et al.
427 Riverview Plaza
Trenton, NJ 08611                                 adobin@trenklawfirm.com

Michele M. Dudas, Esq.
Trenk, DiPasquale, Della Fera & Sodono
347 Mt. Pleasant Avenue
Suite 300
West Orange, NJ 07052                             mdudas@trenklawfirm.com

> **Re:**   **Truocchio v. Smith**
> **Adv. Pro. No. 14-1703 (CMG)**

Dear Litigants:

## I.      INTRODUCTION

Robert Truocchio, hereinafter referred to as "Truocchio" or "Plaintiff," filed an adversary proceeding against Kevin Smith, hereinafter referred to as "Smith" or "Debtor," alleging willful and malicious injury sufficient to exclude Smith's debt to Truocchio from discharge under 11

U.S.C. § 523(a)(6). After two days of trial this Court found "that the actual injuries suffered by Truocchio were willfully and maliciously intended by Smith" and were therefore non-dischargeable. At closing argument, Truocchio sought compensation for the cost of his criminal defense counsel, lost wages, mental anguish, and attorney fees and expenses incurred in pursuing his civil action against Smith, including fees and expenses incurred in prosecuting the non-dischargeability action in this Court. In assessing damages, the Court compensated Truocchio for his injuries awarding him $32,629.51, which consisted of a reimbursement of the amount expended on his criminal defense and lost wages for a reasonable period, which this Court considered to be one year. Before entering the judgment, the Court allowed the parties time to brief the issue of whether attorneys' fees incurred in the prosecution of the state court civil action and the non-dischargeability action should be added to the $32,629.51 judgment amount. After a review of the filings, the Court will deny the request for attorneys' fees.

## II.     JURISDICTION AND VENUE

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

## III.    FACTUAL BACKGROUND

The factual background concerning the actions that gave rise to this matter have been previously detailed in the Court's decision in favor of Truocchio, and need not be repeated, as they have limited relevance to this matter. The procedural history of the state court case and the adversary proceeding have more effect on the decision here.

Smith filed his petition in May 2012. A year and a half later, Plaintiff filed a state court complaint against Debtor in New York Supreme Court, Kings County (the "State Court Complaint"). Plaintiff's factual allegations spanned 53 paragraphs in the State Court Complaint.

He alleged various causes of action in four counts based on New York law: defamation and slander; intentional interference with contractual relations; intentional infliction of emotional distress; and negligent infliction of emotional distress.  He requested an award of damages in the amount of $1,000,000.00 plus interest, costs, disbursements and legal fees for each cause of action, plus punitive damages.

Subsequent to the filing of the State Court Complaint, Debtor voluntarily converted his case to Chapter 7 and added Plaintiff and Plaintiff's attorney as unsecured creditors to his schedule F.

Plaintiff did not move for relief from stay to proceed in the New York State Court.  Instead, he timely began the present adversary proceeding by filing a complaint alleging non-dischargeability on two grounds: section 523(a)(6) of the Code, and "intentional tortious acts of [Debtor] that occurred well after [Debtor] commenced his bankruptcy case."  Debtor moved to dismiss the adversary proceeding as Plaintiff's complaint did not go into factual detail, but instead incorporated by reference the State Court Complaint, which was attached as an exhibit.

The Court adjourned the hearing on Debtor's motion to dismiss to allow Plaintiff to amend his complaint to correct the deficiencies.  The amended complaint included 52 paragraphs alleging facts that were set forth in the State Court Complaint.  It did not include any specific counts. Paragraph 53 alleges the facts showed "false statements or actions, published to third parties, knowingly and/or negligently made with knowledge of its falsity, resulting in damages to the Plaintiff." Paragraph 54 claims Debtor's "per se slanderous conduct caused significant harm," damaging Plaintiff's personal reputation.  Paragraphs 55 and 56 characterize Debtor's conduct as "extreme and outrageous, with clear intent to cause severe emotional distress to Plaintiff" and "willful, intentional and malicious."  The last paragraph of the complaint claims "Plaintiff  is entitled to have this debt determined to be non-dischargeable in that it resulted in injuries that were the result of Defendant's willful, malicious and wanton acts, all within the meaning of the [Code], and specifically [section 523(a) (6)]."  Plaintiff's request for relief, contained in a single "Wherefore" clause, sought only a determination that the "debt owed by the Defendant/Debtor is non-dischargeable pursuant to 11 U.S.C. Section 523 (a)(6), and for

Judgment in the amount as determined by this Court or by New York State Supreme Court in a pending action…" No conclusory statement of violation of a particular tort was made. The single "Wherefore" clause also included the standard request for "interest, attorney's fees and costs of suit, as well as for such further relief as this Court deems just and proper." The complaint made no claim for punitive damages, nor did it cite to any statutory causes of action other than 11 U.S.C. § 523(a)(6).

As noted, Plaintiff did not request relief to proceed in New York State Court. Though the Complaint did not contain specific counts, the trial brief of Plaintiff (ECF Docket No. 28) cites to New York law regarding defamation (slander and slander per se) and intentional infliction of emotional distress, as well as to law supporting a finding of non-dischargeability under section 523(a)(6). Debtor's trial brief similarly addresses the allegations. Plaintiff's trial brief does not discuss punitive damages.

**IV.    APPLICABLE LAW**

Federal and state courts generally apply the American Rule when considering an award of attorney fees. The American Rule states that a prevailing litigant is not ordinarily entitled to attorneys' fees, subject to limited exceptions. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247, 95 S. Ct. 1612 (1975). The rule is premised on the idea that parties should be afforded liberal access to the courts and that "conditioning participation on the prospect of losing and paying the entire cost of litigation chills a litigant's rights." In re S.S., 271 B.R. 240, 245 (Bankr. D.N.J. 2002).

In federal court the exceptions to the rule are as follows: (1) a contract expressly provides for the payment of attorney's fees; (2) a statute provides an allowance of attorney's fees; (3) a recovered fund or property confers a "common benefit," as in a class action suit; (4) a party willfully disobeys a court order; or (5) a court finds that the losing party has acted in bad faith in the course of the litigation. Cityside Archives, Ltd. v. New York City Health & Hosps. Corp., 37 F. Supp. 2d 652, 656-57 (D.N.J. 1999) (citing Skehan v. Board of Trustees of Bloomsberg State College, 538 F.2d 53, 56 (3d Cir. 1976)).

The American Rule and its exceptions are applicable in bankruptcy courts.  This district has noted three ways to seek an award of counsel fees in a bankruptcy action:  (1) an award of fees using the court's equitable power under 11 U.S.C. § 105(a); (2) an award of fees under Bankruptcy Rule 7054; and (3) an award of fees as a sanction under Bankruptcy Rule 9011.  In re Clemente, 2011 WL 2039072 at *2 (D.N.J. May 23, 2011).

New York, the site of the actions alleged by Plaintiff, employs the American Rule with regard to awards of attorney fees.  *See* Jeffries Avlon, Inc. v. Gallagher, 567 N.Y.S. 2d 339, 339-40 (Sup. Ct. 1991).  But, New York law carves out an additional exception to the American Rule.  It permits consideration by the fact finder of evidence of attorneys' fees in determining an award of exemplary or punitive damages in cases where malice has been proven.  *See* id.

## V.    ANALYSIS

The generally accepted exceptions to the American Rule do not support an award of attorney fees to Plaintiff in this case.  The federal court cases cited by Plaintiff in which attorney fees were awarded on state court causes of action all comply with the American Rule.  For example, the Cohen Court relied on the specific statutory language of the New Jersey Consumer Fraud Act that gives attorney fees to the prevailing party.  *See* In re Cohen, 185 B.R. 180, 189-90 (Bankr. D.N.J. 1995), *aff'd*, 191 B.R. 599 (D.N.J. 1996), *aff'd*, 106 F.3d 52 (3d Cir. 1997), *aff'd sub nom*, Cohen v. de la Cruz, 523 U.S. 213 (1993) (awarding punitive damages and attorney fees based on violations of state consumer fraud act).  The Supreme Court in Traveler's cited contractual language that awarded attorney fees.  *See* Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 447 (2007) (contract allocating attorney's fees enforceable under substantive, nonbankruptcy law is allowable in bankruptcy except where Code provides otherwise).  The Ninth Circuit, recognizing that "there is no general right to attorneys' fees in bankruptcy," refused to award fees finding no statutory or contractual basis for such an award.  *See* In re Coast Trading Co., Inc., 744 F.2d 686, 693. ]

The only basis for an allowance of attorney fees to Plaintiff in this case is grounded in New York state law.  The state law cases cited by Plaintiff in support of his claim for attorney fees allowed fees as an element of punitive damages.  *See* Jeffries Avlon, Inc. v. Gallagher, 567 N.Y.S.2d 339, 340 (Sup. Ct. 1991) (award of fees may be considered on issue of punitive damages); Mastic Fuel Service v. Van Cook, 55 A.D.2d 599 (N.Y. App. Div. 1976) (attorney fees recoverable as measure of damages in tort actions where malice is found).  The Jeffries decision merely recognizes that a trier of fact may consider evidence of attorneys' fees incurred in determining an award of exemplary or punitive damages.  Citing a legal treatise, the Jeffries court noted that "in New York, "[i]t has been held that the expenses of litigation, including attorneys' fees, may be considered as an element of punitive damages in a proper case."  *See* Jeffries, 567 N.Y.S.2d at 339, *citing* 36 N.Y. Jur. 2d, Damages, § 183, at 310.  The court further noted that its research did not find any defamation cases in which attorneys' fees were awarded as punitive damages.  Id.  It rested its holding on "broad statements" regarding attorney fee awards as an element of punitive damages in malicious prosecution and insurance cases.  Id.

In this adversary proceeding, the Court was asked to determine liability, damages, and dischargeability.  It is the first court in which Debtor's obligation to Plaintiff was adjudicated and is the Court that must determine the amount of Plaintiff's claim.  In its decision, this Court found Debtor acted with malice sufficient to prevent discharge of Plaintiff's claim.  Applying New York law, this Court may award attorney fees as an element of punitive damages.

The decision to award punitive damages in any particular case are matters within the sound discretion of the trier of fact.  *See* Loughry v. Lincoln First Bank, 67 N.Y.2d 369, 378 (1986); *see also* Nardelli v. Stamberg, 44 N.Y.2d 500, 503-04 (1978), *citing* 14 N.Y. Jur., Damages, § 177 (trier of fact not required to award punitive damages simply because it may do so). Unlike damages that compensate an individual for injury or loss, which this Court has already awarded to Plaintiff, punitive damages are imposed to punish the defendant and to deter him from acting similarly in the future.  *See* id. at 377.  They are "in that sense a windfall for the plaintiff."  Id.  As one New York court noted:

> One who acts out of anger or hate, for instance, in committing assault or libel, is not likely to be deterred by the fear of punitive damages. On the other hand, those who deliberately and cooly engage in a far-flung fraudulent scheme, systematically conducted for profit, are very much more likely to pause and consider the consequences if they have to pay more than the actual loss suffered by an individual plaintiff.

Walker v Sheldon, 10 N.Y.2d 401, 406 (1961).

Testimony at trial established that Debtor was under severe financial stress at the time he falsely accused Plaintiff. Debtor testified he was trying to protect his job. His employment was crucial to the success of his then Chapter 13 bankruptcy filing. He acted more out of anger and fear than as a result of a well thought out fraudulent scheme. An award of punitive damages in this case does not make sense. Debtor filed bankruptcy to discharge himself of his debts. Because of his treatment of Plaintiff, he is not able to discharge the judgment that will be entered by this Court. The Courts finds this to be punishment enough – one that will serve to deter Debtor from acting similarly in the future. In exercising its discretion on the facts presented in this case, the Court would deny Plaintiff's request for punitive damages, finding that this is not the proper case for such an award.

Last but not least, the Third Circuit has held that "a plaintiff cannot pursue a claim for punitive damages where . . . no hint of such claim was contained in the pleadings or the pretrial order." Seibert v. Nusbaum, Stein, Goldstein, Bronstein & Compeau, P.A., 167 F.3d 166, 171 (3d Cir. 1999); *see also*, Born v. Monmouth Cty. Corr. Inst., 458 F. App'x 193, 195 (3d Cir. 2012) (noting that pretrial memorandum did not mention punitive damages and that plaintiff did not request punitive damages until after the close of evidence at trial). New York courts have held the opposite. *See* Werner, Zariff, Slotnick, Stern & Askenazy v. Lewis, 155 Misc.2d 558, 560, 588 N.Y.S.2d 960 (Civ. Ct. N.Y. County 1992) (punitive damages need not be specifically requested in a complaint).

Plaintiff never made clear to this Court that he was seeking punitive damages. No notice was given to Debtor or to this Court that punitive damages would be sought. In fact, it would appear that Plaintiff waived his claim to punitive damages. While specifically pled in the State

Court Complaint, Plaintiff dropped his claim for punitive damages in the amended complaint for non-dischargeability filed in this Court (the "Amended Complaint"), just as he dropped all of the separately articulated counts of the State Court Complaint.  In the Amended Complaint, it appears Plaintiff asks for an award of attorneys' fees based solely on this Court's finding of malicious conduct sufficient to prevent discharge of damages caused by Debtor's conduct.  As set forth above, bankruptcy courts apply the American Rule to non-dischargeability actions.

Neither party briefed whether federal or state law should apply to rules of pleading. Since the Court has determined that an award of punitive damages is not called for in this case, the choice of law question is not germane.  But, counsel would be well-advised to insure that a court is made aware of the causes of action he or she intends to prove as well as the damages he or she intends to seek long before the conclusion of trial.

The Court will enter a non-dischargeable Judgment against Debtor in the amount of $32,629.51.

Very truly yours,

/s/Christine M. Gravelle
United States Bankruptcy Judge

CMG/rtp
Docket